IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WIGGINS, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 21-CV-303 |
| | : | |
| UNIVERSAL PROTECTION | : | |
| SERVICES, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**Goldberg, J.**                                                                                              February 9, 2021

Plaintiff Michael Wiggins filed this civil action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Named as Defendants in the case are his former employer Universal Protection Services, LLC ("Universal") also known as Allied Security, as well as two employees of that company, Lola Watson and Patrice O'Rourke. Wiggins has also filed an application to proceed *in forma pauperis*. For the following reasons, the Court will grant Wiggins leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The remaining claims in his Complaint will be served upon Defendant Universal for a responsive pleading.

### I.   FACTUAL ALLEGATIONS

Summarized briefly, Wiggins asserts that he was subjected to employment discrimination on the basis of gender and religion and was subjected to harassment and a hostile work environment in violation of Title VII. He was employed by Universal as a security guard at Episcopal Hospital from August 3, 2019 to September 21, 2019 where, he alleges, he was repeatedly subjected to conditions of discrimination by Defendant Watson, Universal's Site Supervisor. He alleges that Watson assigned male employees to the most demanding security

1

positions at the hospital that required the employee to remain standing during their shifts, while female employees were assigned to less demanding positions. Wiggins also informed Watson that he was unavailable for work assignments on Sundays because he wished to attend worship services, and Watson harassed him because he was Christian. He alleges he left Episcopal because of Watson's actions and instead worked for Universal at Penn Presbyterian Hospital. (ECF No. 2 at 2.)[1]

While assigned to Presbyterian, Wiggins was allegedly working with a female security guard who cursed at him, threatened and insulted him, and threw water at him. That employee was terminated due to the incident. Wiggins was also removed from the hospital but believed he was eligible to be reinstated at Presbyterian after six months. He later learned that Defendant O'Rourke, a human-resources official with Universal, terminated him without notice. After a union grievance process, Wiggins was rehired and assigned to Episcopal where he was again to be supervised by Watson. He alleges that his second period of employment at Episcopal lasted only one day due to Watson, apparently because he was wearing his uniform from Presbyterian when he appeared for his shift at Episcopal. He further contends that Watson's objection to his uniform was a pretense for discrimination since Watson wore Muslim head coverings that were not part of the mandated uniform. He also asserts that her actions prevented Wiggins from enjoying the result of his successful grievance procedure under Universal's collective bargaining agreement (ECF No. 2 at 3–4, 10–11.)

Wiggins brings claims under Title VII based on gender and religious discrimination on a theory of disparate treatment. He also asserts claims of harassment and hostile work environment.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Finally, he asserts a state law claim against Watson for tortious interference with contract. He seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Court grants Wiggins leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. Id. As Wiggins is proceeding *pro se*, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Title VII Claim

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. See E.E.O.C. v. Allstate Ins. Co., 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff

need not allege a *prima facie* case to state an employment discrimination claim, a plaintiff must, at minimum, "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UMPC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009).

Wiggins brings Title VII claims against both his former employer, Universal, and against Universal employees Watson and O'Rourke. While the Title VII claims against Universal adequately plead a cause of action, the claims against the individual Defendants are not plausible. These individuals were Wiggins's coworkers and supervisors, not Wiggins's employer. Title VII does not authorize liability against an individual supervisor or employee. See Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (*en banc*) (collecting cases, noting that the clear majority of the courts of appeals that have considered the question have held that individual employees cannot be held liable under Title VII, and holding that Title VII does not authorizes liability against an individual supervisor or employee). Accordingly, the Title VII claims brought against Watson and O'Rourke will be dismissed with prejudice under § 1915(e)(2)(B)(ii).

### B.   State Law Claim

Wiggins's claim against Watson for tortious interference in Wiggins's rights under the collective bargaining agreement is also not plausible. Under Pennsylvania law, a corporation acts through its officers and agents. Menefee v. Columbia Broadcasting Sys., Inc., 329 A.2d 216 (Pa. 1974). An employer is responsible for the torts of its employees only when the employees are acting within the scope of their employment. Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1276 (3d Cir. 1979) (*en banc*). A corporation or other entity, however, cannot be liable for

tortious interference with a contract to which it is a party. Glazer v. Chandler, 200 A.2d 416 (Pa. 1964).

According to the Complaint, Watson was allegedly acting within the scope of her employment as a supervisor at Episcopal in allegedly interfering with Wiggins's rights under the collective bargaining contract. As such, she was acting on behalf of Universal. As Universal was a party to the collective bargaining agreement, Watson—as Universal's representative—cannot be held liable for tortious interference. Accordingly, the state law claim against Watson must also dismissed for failure to state a plausible claim. Accord Michelson v. Exxon Research & Eng'g Co., 808 F.2d 1005, 1008 (3d Cir. 1987) (dismissing tortious interference with contract claim against supervisor employee citing Glazer and Chuy).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Wiggins's Title VII claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Watson and O'Rourke. Wiggins's state law claim against Watson is also dismissed. His Title VII claim against Universal will be served for a responsive pleading. An appropriate Order follows.